IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-04087-PAB

GS 39TH LLC,

    Plaintiff,

v.

GOLDEN BEAR INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Rule 7.1 Disclosure Statement and Request to Remand [Docket No. 14]. Defendant filed a response. Docket No. 15.

On December 19, 2025, defendant removed this case from the District Court for Denver County, Colorado. Docket No. 1 at 1-2, ¶ 1. In the notice of removal, defendant represented that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. *Id.* at 3-4, ¶¶ 9-13. Defendant alleged plaintiff's citizenship as follows:

> At the time of the filing of the complaint and as of the date of the filing of this Notice of Removal, GS 39th was and is a Colorado company with its principal place of business at 2437 1/2 University Blvd, Houston, Texas, whose ultimate owner is Morningside Capital Management, Inc., a corporation formed under the laws of the State of Texas also having a principal place of business at 2437 1/2 University Blvd, Houston, Texas. Plaintiff GS 39th is therefore a citizen of Texas.

*Id.* at 3-4, ¶ 11.

On January 9, 2026, the Court ordered plaintiff to file a disclosure statement pursuant to Fed. R. Civ. P. 7.1. Docket No. 11. The Court noted that plaintiff's citizenship, as a limited liability corporation, is not determined by its state of organization

or principal place of business, but by the citizenship of its members.  *Id.* (citing *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015)).

On January 14, 2026, plaintiff filed its Rule 7.1 disclosure statement in response to the Court's order.  Docket No. 14.  In plaintiff's Rule 7.1 disclosure, plaintiff discloses the citizenship of some of its members, but notes that many of plaintiff's members are "LLCs and/or trusts" for which plaintiff "does not possess knowledge of the complete membership."  *Id.* at 1-2, ¶¶ 2-3.  Plaintiff contends it has "no ownership interest in those entities" for which it does not possess citizenship information.  *Id.* at 3-4, ¶ 3.  As a result, plaintiff "cannot presently identify every individual and/or corporation that may have an ownership interest 'up the chain' from its members."  *Id.*  Plaintiff argues that, because plaintiff "cannot presently demonstrate to this Court that the parties are in fact completely diverse," "[i]t also means Defendants could not have had a reasonable basis to believe the parties were completely diverse, and it failed to carry its burden to demonstrate in its notice of removal that it is in fact diverse" from plaintiff.  *Id.* at 3, ¶ 4.

On January 20, 2026, defendant filed an objection to plaintiff's Rule 7.1 disclosure.  Docket No. 15.  Defendant argues that Rule 7.1(a) imposes a mandatory duty upon plaintiff to file a disclosure statement that identifies its citizenship.  *Id.* at 5.  Defendant argues that a party "cannot opt out of FRCP 7.1(a) disclosures because it does not want to (or try to) uncover and disclose the required information."  *Id.*  Defendant asks that the Court require plaintiff to file an amended Rule 7.1 disclosure, noting that it "reserves the right to request jurisdictional discovery should GS 39th's amended Disclosure Statement remains inconclusive."  *Id.* at 6.

2

Defendant, as the removing party, "bear[s] the burden of establishing jurisdiction by a preponderance of the evidence." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). Rule 7.1 "does not relieve the party invoking the court's jurisdiction of its burden to demonstrate jurisdiction is satisfied." *Tapia Promotions, LLC v. Kelly*, 2025 WL 2937073, at *3 (D.N.M. Sept. 26, 2025). However, as the advisory committee noted in amending Rule 7.1 in 2022, a "party suing an LLC may not have all the information it needs to plead the LLC's citizenship" and plaintiff's disclosure "is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity-destroying citizenship." Fed. R. Civ. P. 7.1(a)(2), advisory committee's note to 2022 amendment.

Plaintiff's Rule 7.1 disclosure is insufficient because it does not "drill down through each layer of ownership, showing the citizenship of each member." *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008). "While the party seeking to invoke the Court's jurisdiction bears the burden of proving the existence of federal jurisdiction, . . . the Supreme Court's adoption of Rule 7.1(a)(2) now places an independent obligation on an entity party to provide certain ownership information unilaterally and without regard to a discovery request." *Carr v. IF&P Holding Co., LLC*, 2024 WL 2207487, at *3 (E.D. La. May 16, 2024), *report and recommendation adopted*, 2024 WL 3385184 (E.D. La. June 5, 2024). Plaintiff's assertion that it does not possess knowledge of its complete citizenship does not relieve it of its obligation under Rule 7.1. *See id*. at *4 (despite defendant's LLC entity member refusing to provide citizenship information, the court found that defendant had to "take the necessary steps to ascertain" the citizenship of its LLC entity member, "including the

3

issuance of subpoenas"). Accordingly, plaintiff must file a Rule 7.1 disclosure that identifies the citizenship of all of its members.[1]

Therefore, it is

**ORDERED** that on or before **February 17, 2026**, plaintiff shall file an amended disclosure statement in accordance with Rule 7.1 identifying the citizenship of all of its members at the time of filing the complaint and at the time of removal

DATED February 3, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[1] Defendant represents that it "reserves the right to request jurisdictional discovery." Docket No. 15 at 2. The 2022 Advisory Committee contemplates the authorization of jurisdictional discovery:

> Discovery should not often be necessary after disclosures are made. But discovery may be appropriate to test jurisdictional facts by inquiring into such matters as the completeness of a disclosure's list of persons or the accuracy of their described citizenships. This rule does not address the questions that may arise when a disclosure statement or discovery responses indicate that the party or intervenor cannot ascertain the citizenship of every individual or entity whose citizenship may be attributed to it.

Fed. R. Civ. P. 7.1(a)(2), advisory committee's note to 2022 amendment. Plaintiff does not represent that it "cannot ascertain the citizenship of every individual or entity whose citizenship may be attributed to it." See id. Rather, plaintiff represents that it lacks knowledge of its complete citizenship at this time, but does not explain why it cannot ascertain such information. Specifically, plaintiff states that, "because GS has no ownership interest in those entities, GS does not possess knowledge of the complete membership of those LLCs at the time it filed this action and/or at the time Defendant removed it to this Court. Nor does GS have knowledge of who all may have served as the trustee or had beneficial interests in any trust at the time GS filed its complaint or at the time Defendant removed the same to this Court." Docket No. 14 at 2, ¶ 3. If plaintiff does not comply with its independent obligation under Rule 7.1, the Court may authorize defendant to engage in jurisdictional discovery and grant leave for defendant to seek reimbursement of discovery costs from plaintiff.